Mr. Andrew DeGraffenreidt, III City Attorney City of Hollywood Post Office Box 2207 Hollywood, Florida 33022
Dear Mr. DeGraffenreidt:
This is in response to your request for an opinion on substantially the following question:
 IS THE CITY OF HOLLYWOOD, AS AN "EMPLOYING AGENCY" WITHIN THE TERMS OF s 633.382(4)(a), F.S., REQUIRED TO FUND ANY SHORTFALL IN THE STATE FIREFIGHTERS' SUPPLEMENTAL COMPENSATION PROGRAM?
Section 633.382, F.S., establishes a supplemental compensation program for firefighters who complete certain "fire-related" educational programs. See, s 633.382(2)(a) and (b) describing the qualifications for such supplemental compensation; s 633.382(1)(a) defining "firefighter"; s 633.382(1)(b) defining "employing agency" for the purposes of that section.
Your inquiry notes that, based upon current reports from the Division of State Fire Marshal and the Department of Revenue, it appears that there will not be sufficient state funds to pay each eligible firefighter his full supplemental compensation for the coming fiscal year. Thus, the question arises whether employing agencies of such firefighters are required to fund this shortfall.
For the following reasons, your question is answered in the affirmative.
Section 633.382(4), F.S., as amended by both Ch. 83-115 and Ch. 84-244, Laws of Florida, currently provides:
(4) FUNDING. —
 (a) The employing agency is responsible for the correct payment of firefighters pursuant to the provisions of this section. The division may review, in a postaudit capacity, any action taken by an agency in administering the educational incentive program. The employing agency shall take appropriate action when a postaudit shows that an action taken by the employing agency was in error.
 (b) Each agency employing firefighters who are eligible for this compensation shall submit reports containing information relating to compensation paid as a result of this section to the division on March 31, June 30, September 30, and December 31 of each year.
 (c) There is appropriated from the Insurance Commissioner's Regulatory Trust Fund to the Firefighters' Supplemental Compensation Trust Fund, which is hereby created under the Department of Revenue, all moneys which have not been distributed to municipalities in accordance with s. 175.121
as a result of the limitation contained in s. 175.122 on the disbursement of revenues collected pursuant to chapter 175 or as a result of any municipality not having qualified in any given year, or portion thereof, for participation in the distribution of the revenues collected pursuant to chapter 175. The proration of the appropriation among the counties, municipalities, and special fire service taxing districts shall equal the ratio of compensation paid in the prior year to county, municipal, and special fire service taxing district firefighters pursuant to this section. This ratio shall be provided annually to the Department of Revenue by the Division of State Fire Marshal. (e.s.)
Significant amendments were made to s 633.382 during the 1983 and 1984 legislative sessions. Currently, the statute provides for firefighters to be paid supplemental compensation by the employing agency. See, section 1 of Ch. 84-244, Laws of Florida, amending s633.382(2)(a), F.S. Before the 1984 amendments, s 633.382(2)(a), stated that such payments would be made by the state. See also, the 1984 amendment to s 633.382(2)(b), deleting the term "out of state funds." As your letter notes, the pre-1983 version of subsection (4)(a) contained a provision that should a shortfall in supplemental compensation occur, "no employing agency shall be required to fund such insufficiency." That section was repealed, and an entirely new subsection (4) was created, with the lead sentence currently reading "[t]he employing agency is responsible for the correct payment of firefighters pursuant to the provisions of this section." (e.s.)
Subsection (4)(c) of s 633.382 as amended by Ch. 83-115, Laws of Florida, provides for an appropriation from the Insurance Commissioner's Regulatory Trust Fund to the Firefighters' Supplemental Compensation Trust Fund, created within the Department of Revenue, and for proration thereof "among the counties, municipalities, and special fire service taxing districts." Subsection (4)(e) also provides that the special fire service taxing districts are authorized to expend the funds necessary to ensure correct payment to firefighters. Additionally, subsection (5) provides, in a statement of legislative intent, that "payment of supplemental compensation and expenses of the administration provided by this section is found to serve a state, county, district, and municipal purpose and to provide benefit to the state and to its counties, municipalities, and districts." (e.s.)
In AGO 85-15 this office, in responding to several related questions posed by the Department of Revenue, concluded that an "employing agency" is required to fund any shortfall in the firefighters' supplemental compensation program; and that the Department of Revenue has the authority to withhold revenue sharing funds, beyond the minimum entitlement, distributed under s218.23, F.S., if a municipality fails to certify compliance with s633.382. Discussing the amendments to s 218.23, F.S., wrought by s 6 of Ch. 83-115, Laws of Florida, AGO 85-15 concluded that s218.23(1)(e) was intended to impose an additional eligibility requirement on the right to receive revenue sharing funds beyond the minimum entitlement by requiring certification that the provisions of s 633.382 have been met, and moreover, that the current statutory framework directs that the state is no longer to make direct distributions to either individual firefighters or to employing agencies for such supplemental compensation, and that instead units of local government are to receive those funds as part of the revenue sharing package administered by the Department of Revenue upon certification as required by s 218.23, F.S. Thus, based upon an analysis of s 633.382, and of s 218.23 as set forth in AGO 85-15 and in light of the express provisions of the statute as amended stating that (1) the supplemental compensation shall be paid by the employing agency and (2) the employing agency is responsible for the correct payment of such compensation, I am of the opinion that a municipality is required to fund any shortfall in the firefighters' supplemental compensation program.
In summary, unless and until legislatively or judicially determined otherwise, it is my opinion that the City of Hollywood, as an "employing agency" within the terms of s 633.382(4)(a), F.S., is required to fund any shortfall in the state firefighters' supplemental compensation program.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General